IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, EX REL. DAVID M. LOUIE, ATTORNEY GENERAL, | ) ) ) | Civ. No. 14-00180 HG-RLP |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| BRISTOL-MYERS SQUIBB COMPANY; SANOFI-AVENTIS U.S. LLC; SANOFI US SERVICES INC., FORMERLY KNOWN AS SANOFI-AVENTIS U.S. INC.; SANOFI-SYNTHELABO INC.; DOE DEFENDANTS 1-100, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND (ECF NO. 23)**

Plaintiff State of Hawaii, by its Attorney General David M. Louie, filed a Complaint in Hawaii state court asserting claims against Defendants for violations of Hawaii state laws for false, deceptive, and unfair marketing of the prescription drug Plavix. The Attorney General of the State of Hawaii's Complaint seeks civil penalties, declaratory and injunctive relief, disgorgement of Defendants' profits, and punitive damages.

Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. removed

1

the action to federal court based on the class action provision of the Class Action Fairness Act, the False Claims Act, and federal question jurisdiction.  Plaintiff filed a Motion to Remand the action to Hawaii state court.  Defendants oppose the Motion.

Plaintiff's Motion for Remand (ECF No. 23) is **GRANTED**.

## PROCEDURAL HISTORY

On March 19, 2014, Plaintiff State of Hawaii, by its Attorney General David M. Louie, filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii.  (Complaint, attached as Ex. A. to Defendants' Notice of Removal, ECF. No. 1-1).

On April 16, 2014, Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. removed the action to the United States District Court, District of Hawaii.  (ECF No. 1).

On April 17, 2014, Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. filed a NOTICE OF POTENTIAL TAG-ALONG concerning the removed case with the United States Judicial Panel on Multidistrict Litigation in MDL No. 2418, IN RE: Plavix Marketing, Sales Practices and Products Liability Litigation (No. II).  (ECF No. 363).

2

On April 22, 2014, the United States Judicial Panel on Multidistrict Litigation in MDL No. 2418 filed a CONDITIONAL TRANSFER ORDER for the removed case.  (ECF No. 364).

On April 29, 2014, Plaintiff filed a NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER with the United States Judicial Panel on Multidistrict Litigation in MDL No. 2418.  (ECF No. 366).

On April 30, 2014, the United States Judicial Panel on Multidistrict Litigation in MDL No. 2418 issued a briefing schedule for Plaintiff's NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER.  (ECF No. 367).

On May 5, 2014, Plaintiff filed PLAINTIFF'S MOTION FOR REMAND in this Court.  (ECF No. 23).

Also on May 5, 2014, Plaintiff filed an EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON PLAINTIFF'S MOTION FOR REMAND.  (ECF No. 24).

On May 7, 2014, Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. filed DEFENDANTS' CROSS-MOTION TO STAY PROCEEDINGS.  (ECF No. 25-1).

On the same date, Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. filed DEFENDANTS' MEMORANDUM IN OPPOSITION TO EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF CROSS-MOTION TO STAY

PROCEEDINGS.  (ECF No. 25).

On May 8, 2014, Plaintiff filed REPLY IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON PLAINTIFF'S MOTION FOR REMAND.  (ECF No. 27).

On May 9, 2014, the Court issued a Minute Order denying PLAINTIFF'S EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON PLAINTIFF'S MOTION FOR REMAND and denying DEFENDANTS' CROSS-MOTION TO STAY PROCEEDINGS.  (ECF No. 28).  The Minute Order set the briefing schedule and hearing date for PLAINTIFF'S MOTION FOR REMAND.  (Id.)

On May 22, 2014, Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. filed a MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND.  (ECF No. 32).

On June 3, 2014, Plaintiff filed a REPLY.  (ECF No. 33).

On June 16, 2014, a Hearing on PLAINTIFF'S MOTION FOR REMAND (ECF No. 23) was held.  (ECF No. 34).

On June 18, 2014, Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. filed a NOTICE OF ADDITIONAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND.  (ECF No. 35).

On June 20, 2014, Plaintiff filed an OBJECTION TO DEFENDANTS' SUBMISSION OF ADDITIONAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND.  (ECF No. 36).

4

On July 8, 2014, the Court issued a Minute Order granting Plaintiff's Motion to Remand and indicating a written order would be filed at a later date.  (ECF No. 38).

On July 9, 2014, Defendants filed a MOTION FOR STAY OF MINUTE ORDER, FILED JULY 8, 2014.  (ECF No. 39).

## BACKGROUND

The Attorney General of the State of Hawaii alleges in the Complaint that from March 1998 until the present Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. ("Defendants") engaged in false, deceptive, and unfair marketing and promotion of the prescription drug Plavix.  (Complaint, attached as Ex. A. to Defendants' Notice of Removal, ECF. No. 1-1).

The Complaint asserts that Plavix is an anti-platelet drug that was approved by the Food and Drug Administration ("FDA") to reduce heart attacks, strokes, and vascular death.  (Id. at ¶¶ 1, 24).  Plaintiff states Plavix was also approved to treat different types of Acute Coronary Syndrome.  (Id. at ¶ 24).

Plaintiff claims that from March 1998 until March 2010, Defendants failed to disclose that the drug has diminished or no effect on approximately 30% of the patient population.  (Id. at ¶¶ 2, 25-26, 28, 39).  The Complaint alleges that Defendants marketed higher doses of Plavix for patients in which Plavix has

diminished or no effect.  (<u>Id.</u> at ¶¶ 2, 30, 50).  Plaintiff asserts Plavix presents a considerable risk of gastrointestinal bleeding and other complications for patients in which Plavix has diminished or no effect.  (<u>Id.</u> at ¶¶ 2, 35, 54, 59-61).

The Complaint alleges that Defendants marketed and promoted Plavix as a replacement for aspirin to treat patients at risk for restricted blood flow.  (<u>Id.</u> at ¶¶ 3, 44-47, 57).  Plaintiff claims that Defendants ignored, concealed, and minimized clinical data that found Plavix is only as effective, or less effective, than aspirin, despite costing one hundred times more than aspirin.  (<u>Id.</u>)

The Complaint alleges that Defendants falsely and misleadingly marketed Plavix as being more effective and safer than other competitor drugs.  (<u>Id.</u> at ¶¶ 3, 4, 49).  Plaintiff alleges Defendants marketed Plavix for uses for which the drug had not been shown to be effective or safe.  (<u>Id.</u> at ¶ 4, 48, 51, 66).

The Complaint states that the action is brought "exclusively under the law of the State of Hawaii."  (<u>Id.</u> at ¶ 7).  The Complaint seeks relief pursuant to:

**Count I:**   Section 480-1, <u>et seq.</u> of the Hawaii Revised Statutes ("HRS") for Unfair or Deceptive Acts or Practices, (Complaint, Ex. A at ¶¶ 78-97, ECF No. 1-1);

**Count II:**   HRS § 480-13.5 for Consumer Frauds Against Elders, (<u>id.</u> at ¶¶ 98-101);

6

**Count III:**     HRS § 661-21, _et seq._ for the Hawaii False
                   Claims Act, (_id._ at ¶¶ 102-116);

**Count IV:**      Unjust Enrichment, (_id._ at ¶¶ 117-121); and,

**Count V:**       Punitive Damages, (_id._ at 122-125).


The Complaint seeks civil penalties, "disgorgement of Defendants' wrongfully acquired profits from the sale of Plavix in the State or Hawaii on or after March 17, 1998 through the present, and punitive damages." (_Id._ at p. 31). Plaintiff also seeks declaratory and injunctive relief. (_Id._)

The Complaint states the suit is a _parens patriae_ action brought by the State through Attorney General David M. Louie. (_Id._ at ¶ 9). Plaintiff asserts the action is brought "solely by the State and wholly independent of any claims that individual users of Plavix may have against Defendants." (_Id._ at ¶ 8).


## STANDARD OF REVIEW


A motion to remand may be brought to challenge the removal of an action from state to federal court. 28 U.S.C. § 1447(c); _Moore-Thomas v. Alaska Airlines, Inc._, 553 F.3d 1241, 1244 (9th Cir. 2009). Removal of a civil action is permissible if the district courts of the United States have original jurisdiction over the action. 28 U.S.C. § 1441.

There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as

7

to the right of removal in the first instance." <u>Gaus v. Miles,</u>
<u>Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations
omitted).  The "strong presumption" against removal jurisdiction
"means that the defendant always has the burden of establishing
that removal is proper."  <u>Id.</u>

## ANALYSIS

**I.   DEFENDANTS ALLEGE THE DISTRICT COURT HAS JURISDICTION
       PURSUANT TO THE CLASS ACTION PROVISION OF THE CLASS ACTION
       FAIRNESS ACT**

Defendants assert that the class action provision of the
Class Action Fairness Act ("CAFA") provides the Court with
jurisdiction over Plaintiff's Complaint.  Defendants do not seek
removal of Plaintiff's Complaint based on the mass action
provision of CAFA.

CAFA vests federal district courts with original
jurisdiction over certain class and mass actions.  28 U.S.C.
§ 1332(d).  The burden of establishing removal jurisdiction under
CAFA remains on the proponent of federal jurisdiction.  <u>Abrego v.</u>
<u>Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

The class action provision of CAFA provides the federal
district courts with original jurisdiction over class actions if:
(1) the class has more than 100 members: (2) the parties are
minimally diverse; and, (3) the matter in controversy exceeds the

sum or value of $5,000,000.  Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348 (2013).

The term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or a similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action.  28 U.S.C. § 1332(d)(1).

The mass action provision of CAFA is not at issue here.[1]

Here, Defendants attempt to invoke the class action provision of CAFA to remove Plaintiff's action from state court to federal court.  The State of Hawaii is the only named plaintiff.  (Complaint at ¶ 9, ECF No. 1-1).  The State did not file suit as a class action.

The United States Supreme Court in January 2014 clearly stated that the purpose of CAFA legislation was to modify the diversity requirements for class actions in order to allow class actions of national importance to be removed to federal court. State of Mississippi ex rel. Hood v. AU Optronics Corp., 134

---

[1] A mass action requires one hundred or more persons who are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact.  28 U.S.C. § 1332(d)(11)(B)(i); Romo v. Teva Pharmaceuticals USA, Inc., 731 F.3d 918, 920 (9th Cir. 2013).  The mass action provision requires minimal diversity between the parties.  28 U.S.C. §§ 1332(d)(2)(A), 11(A).  Federal jurisdiction over a mass action exists only over those plaintiffs' whose claims individually satisfy a minimum $75,000 amount in controversy.  28 U.S.C. §§ 1332(a), (d)(11)(B)(i).

S.Ct. 736, 739 (2014).  The Supreme Court explained that a representative action filed by the attorney general of a State as the sole named plaintiff was not the type of case Congress intended to be removable pursuant to CAFA.  Id. at 774-76.

The *parens patriae* representative action filed by the Attorney General of the State of Hawaii is not removable pursuant to the class action provision of CAFA.

### A.   Plaintiff's Suit is Not a Class Action

CAFA provides for the removal of a state court proceeding to federal court if the suit was filed as a class action pursuant to a rule similar to Federal Rule of Civil Procedure 23.  28 U.S.C. § 1332(d)(1); Washington v. Chimei Innolux Corp., 659 F.3d 842, 849 (9th Cir. 2011).

#### 1.   The Complaint Does Not Rely on Any State Statute or Rule of Judicial Procedure That is Similar to Federal Rule of Civil Procedure 23

A state statute or rule is similar to Federal Rule of Civil Procedure 23 if it closely resembles Rule 23 or is like Rule 23 in substance.  Baumann v. Chase Inv. Services Corp., 747 F.3d 1117, 1121-22 (9th Cir. 2014).  Federal Rule of Civil Procedure 23 allows for class actions "only if":

(1)   the class is so numerous that joinder of all members is impracticable;

10

(2)   there are questions of law or fact common to the class;

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   "A class action cannot be maintained unless one of the three requirements of Rule 23(b) is also met." Baumann, 747 F.3d at 1122.   Certification of the class is subject to the detailed notice requirements of Rule 23(c).   Id.

The action filed here by the Attorney General of the State of Hawaii is not brought pursuant to any State statute or rule that is similar to Rule 23, triggering CAFA jurisdiction.   The Complaint relies on Sections 480-2(d), 660-10, and 661-21 in the Hawaii Revised Statutes ("HRS") for the Attorney General of Hawaii's authority to bring the civil action.   (Complaint at ¶¶ 9, 82, 104, ECF No. 1-1).

Review of the Hawaii Revised Statutes the Attorney General relies upon produces no similarity to Federal Rule of Civil Procedure 23.   HRS § 480-2(d) provides the Attorney General of Hawaii with the authority to bring a civil action for a violation of Hawaii's Unfair and Deceptive Practices Act.   Section 480-2(d) states:

> No person other than a consumer, the attorney general
> or the director of the office of consumer protection
> may bring an action based upon unfair or deceptive acts
> or practices declared unlawful by this section.

11

HRS § 660-10 provides broad authority for the Attorney General of Hawaii to act on behalf of the State to bring a civil action.  HRS § 660-10 states:

> Whenever it is necessary or desirable for the State in order to collect or recover any money or penalty, or to recover or obtain the possession of any specific property, real or personal, or to enforce any other right (except in respect to criminal prosecutions) to institute judicial proceedings, except as otherwise expressly provided by law, the attorney general may bring and maintain an action or actions for any such purpose in any appropriate court or courts.  All such actions shall be entitled in the name of the State by the attorney general, against the party or parties or thing sued, as defendants.

The Complaint also relies on HRS § 661-22, which authorizes the Attorney General of Hawaii to bring a civil action pursuant to the Hawaii False Claims Act.  HRS § 661-22 provides that if "the attorney general finds that a person has violated or is violating [the Hawaii False Claims Act], the attorney general may bring a civil action under this subsection."

The Complaint cites two additional state statutes for the Attorney General's authority to obtain specific types of relief for violations of Hawaii's Unfair and Deceptive Practices Act. Plaintiff relies on HRS § 480-3.1 for the Attorney General's authority to recover fines.  (Complaint at ¶ 9, ECF No. 1-1). The Complaint invokes HRS § 480-15 for the Attorney General's authority to seek an injunction.  Id.

Federal Rule of Civil Procedure 23 requires a plaintiff to

demonstrate numerosity, commonality, typicality, and adequate representation of the class interest in order to bring a class action. Marlo v. United Parcel Servic., Inc., 639 F.3d 942, 946 (9th Cir. 2011). None of the sections of the Hawaii Revised Statutes relied on by the Attorney General in the Complaint contain similar requirements.

### 2.   A *Parens Patriae* Action

The Complaint states that the suit is a *parens patriae* action. The Ninth Circuit Court of Appeals has distinguished *parens patriae* actions brought by state attorneys general from class actions. Chimei Innolux Corp., 659 F.3d at 847; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012). The doctrine of *parens patriae* allows a state to bring suit on behalf its citizens when the state:

(1)   alleges injury to a substantial portion of its population;

(2)   articulates an interest separate from the interests of particular private parties; and

(3)   expresses a quasi-sovereign interest.

Chimei Innolux Corp., 659 F.3d at 847. In Alfred L. Snapp & Son, Inc. v. Puerto Rico, the United States Supreme Court reviewed the purpose of the *parens patriae* doctrine, which allows the State to bring an action to protect its "quasi-sovereign

13

interest in the health and well-being-both physical and economic-
of its residents in general." 458 U.S. 592, 607 (1982).

The Ninth Circuit Court of Appeals has found that *parens
patriae* suits brought by state attorneys general to protect their
citizens from unfair and deceptive practices are not class
actions removable pursuant to CAFA. In <u>Chimei Innolux Corp.</u>, 659
F.3d at 847, the attorneys general of the States of California
and Washington filed actions in their state courts alleging
violations of state antitrust laws against manufacturers and
distributors of liquid crystal display panels. <u>Id.</u> at 846. The
defendants removed the cases to federal court on the basis that
the States' *parens patriae* suits were class actions removable
pursuant to CAFA. <u>Id.</u> The district court found removal was
improper and granted the States' motions to remand. <u>Id.</u> The
defendants appealed. <u>Id.</u>

The Ninth Circuit Court of Appeals affirmed the district
court's decision to remand the States' *parens patriae* suits. <u>Id.</u>
The appellate court held the *parens patriae* suits brought by the
state attorneys general were not class actions. <u>Id.</u> The
appellate court explained the suits were not removable because
they were not brought pursuant to either Federal Rule of Civil
Procedure 23 or a similar state statute. <u>Id.</u> at 850. The Ninth
Circuit Court of Appeals found the state statutes in California
and Washington that provided the attorneys general with *parens*

14

*patriae* authority to bring a civil suit lacked the defining attributes of class actions.  Id. at 850.

Here, the Attorney General of the State of Hawaii filed a *parens patriae* suit.  *Parens patriae* suits "resemble" class actions in the sense that they are representative suits.  Chimei Innolux Corp., 659 F.3d at 847.  Not all representative suits, however, are class actions.  *Parens patriae* suits lack the defining attributes of true class actions.  Id.  The *parens patriae* suit brought by the Attorney General of Hawaii is not a class action.

### 3.    The Complaint Was Not Filed As a Class Action Pursuant to HRS § 480-14(b)

Defendants argue that Plaintiff is required to bring the present *parens patriae* action pursuant to HRS § 480-14(b). Defendants assert that HRS § 480-14(b) requires the Attorney General of Hawaii to bring any suit for unfair and deceptive practices as a class action.  (Opposition at p. 5, ECF No. 32).

The Hawaii Supreme Court has held that nothing in the Hawaii Unfair and Deceptive Practices Act indicates that the remedies available in HRS § 480 are exclusive.  Villon v. Marriott Hotel Services, Inc., 306 P.3d 175, 187 (Haw. 2013).  In Villon, the Hawaii Supreme Court found that there is not an exclusivity provision in HRS § 480 that precludes enforcement of violations of unfair or deceptive practices through another Chapter of the

15

Hawaii Revised Statutes.  Id. at 188.

In Villon, hotel food and beverage service employees alleged that their employers billed service charges to customers and did not distribute the full services charges directly to the employees.  Id. at 178-79.  The employees also claimed that the hotels did not disclose this practice to the customers.  Id.  The employees filed a class action asserting that the hotels violated HRS § 481B of the Hawaii Unfair and Deceptive Practices Act and sought remedies pursuant to Hawaii's wage payment statutes in HRS § 388.  Id. at 178-79.  The Hawaii Supreme Court accepted a certified question on whether the employees could bring a claim against the hotels pursuant to HRS § 388 or whether HRS § 481B-14 of the Hawaii Unfair and Deceptive Practices Act was the exclusive means for bringing their claim.  Id. at 177-78.

The Hawaii Supreme Court concluded that employees could bring an action pursuant to HRS § 388 for violations of HRS § 481B-14.  Id. at 186.  The Hawaii Supreme Court determined that the hotel employees were not limited to the rights and remedies in HRS § 481B-14 of the Hawaii Unfair and Deceptive Practices Act.  Id. at 186-87.  The Court explained that the "plain language of Chapters 480 and 481B does not indicate that remedies therein are exclusive.  The legislature knows how to craft an exclusivity provision....No such exclusivity provision appears in the relevant enforcement statues in the consumer protection

16

area." Id. at 187.

The Complaint here does not rely on HRS § 480-14(b).  HRS § 480-14(b) expressly permits the Attorney General of the State of Hawaii to bring a *parens patriae* action to recover damages on behalf of Hawaii consumers.[2]  HRS § 480-14(b), however, is not the exclusive means for the Attorney General to bring an unfair or deceptive practices claim.

In Hawaii ex rel. Louie v. JP Morgan Chase & Co., 907 F.Supp.2d 1188, 1204-07 (D. Haw. 2012), the district court considered a nearly identical argument regarding whether HRS § 480-14(b) is the exclusive means for the Attorney General of the State of Hawaii to bring an unfair and deceptive practices claim. The Attorney General filed complaints in state court against a number of banks alleging they engaged in deceptive and predatory practices in marketing and selling credit card products to Hawaii residents.  Id. at 1192.  The defendants removed the actions to

---

[2]HRS § 480-14(b) provides:

The attorney general of the State shall be authorized to being a class action for indirect purchasers asserting claims under this chapter.  The attorney general or the director of the office of consumer protection may bring a class action on behalf of consumers based on unfair or deceptive acts or practices declared unlawful by section 480-2.  Actions brought under this subsection shall be brought as parens patriae on behalf of natural persons residing in the State to secure threefold damages for injuries sustained by the natural persons to their property by reason of any violation of this chapter.

the federal district court pursuant to the class action provision
in CAFA.  Id. at 1192-93.  The defendants took the position that
the Attorney General of Hawaii was required to bring a class
action pursuant to HRS § 480-14(b), claiming 480-14(b) is the
only provision which authorizes the Attorney General to bring a
claim on behalf of consumers pursuant to the Hawaii Unfair and
Deceptive Practices Act.  Id. at 1197.

The Attorney General of Hawaii filed motions to remand.  Id.
at 1193-95.  The Attorney General pointed out that the actions
were not filed as class actions and that CAFA did not apply
because the complaints did not rely on HRS § 480-14(b).  Id. at
1193-95.

The district court in JP Morgan Chase & Co. held that the
proceedings were not removable pursuant to CAFA.  Id. at 1207.
The district court acknowledged that Section 480-14(b) does
provide the Attorney General with the authority to bring a class
action claim on behalf of consumers.  Id. at 1204.  The Court,
however, relied upon the Attorney General's statement that he was
not bringing the actions on behalf of a class and "interpret[ed]
the Complaints as bringing the Attorney General's parens patriae
claims pursuant to either Hawaii state common law regarding
parens patriae actions or the Attorney General's general powers
under § 661-10."  Id. at 1205.  The district court judge did not
review the issue of CAFA jurisdiction any further as the motions

18

to remand were denied on the basis that there was federal question jurisdiction based on preemption.  Id. at 1212-14.

The Complaint here cites HRS §§ 480-2(d), 660-10, and 661-21 for the Attorney General of the State of Hawaii's authority to bring the civil action.  (Complaint at ¶¶ 9, 82, 104, ECF No. 1-1).  The Complaint here does not seek relief on behalf of individual consumers.  Just as in Hawaii v. JP Morgan Chase & Co., the Attorney General of the State of Hawaii has expressly stated in the Complaint that the suit is not a class action. (Complaint at ¶ 8, ECF No. 1-1).

The Hawaii Supreme Court has found that the remedies available in HRS § 480 are not exclusive.  Villon, 306 P.3d at 187-88.  HRS § 480-14(b) is not the exclusive means for the Attorney General to bring a claim for unfair or deceptive practices.

**B.   Plaintiff's Suit is Not Removable Pursuant to CAFA Because There is Not Minimal Diversity**

A State that is a real party in interest is not a "citizen of a State" and cannot sue or be sued in federal court on the basis of diversity jurisdiction.  Moor v. Cnty of Alameda, 411 U.S. 693, 717 (1973); Urbino v. Okin Services of Calif., Inc., 726 F.3d 1118, 1123 (9th Cir. 2013).  The presence of the State on the record as a nominal party will not defeat diversity jurisdiction if the State has no real interest in the

19

controversy.  Dep't of Fair Employment & Housing v. Lucent Technologies, Inc., 642 F.3d 728, 737 (9th Cir. 2011).

CAFA replaced the ordinary requirement of complete diversity of citizenship among all plaintiffs and defendants with a requirement of minimal diversity.  Hood, 134 S.Ct. at 740. Pursuant to CAFA, a federal court may exercise jurisdiction over a class action or a mass action if any plaintiff is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2)(A). In Hood, the United States Supreme Court explained that the real-party-in-interest inquiry may be used "in certain contexts to look behind the pleadings to ensure the parties are not improperly creating or destroying diversity jurisdiction."  134 S.Ct. at 745.

Defendant Bristol-Myers Squibb Company is a Delaware corporation with its principal corporate offices in New York. (Complaint at ¶ 10, ECF No. 1-1).  Defendant Sanofi-Aventis U.S. LLC is a Delaware limited liability company with its headquarters in New Jersey.  (Id. at ¶ 11).  Defendant Sanofi US Services Inc., formerly known as Sanofi-Aventis U.S. Inc., is a Delaware corporation with its corporate offices in New Jersey.  (Id. at ¶ 12).  Defendant Sanofi-Synthelabo Inc. is a Delaware corporation. (Id. at ¶ 13).

The only Plaintiff is the State of Hawaii.  (Id. at ¶ 9). Defendants argue the State is not a real party in interest.

Defendants claim individual consumers in the State are citizens of Hawaii for diversity purposes.   (Opposition at p. 11, ECF No. 32).

     In Nevada v. Bank of America Corp., the Ninth Circuit Court of Appeals held there was not minimal diversity pursuant to CAFA in a *parens patriae* suit brought by the State of Nevada.   672 F.3d at 670-672.   The appellate court explained that the State of Nevada was the real party in interest and could not serve as "a citizen of a State" for diversity purposes.   Id.

     The district court judge held there was no diversity because the State of Nevada was a real party in interest, despite its claim for restitution on behalf of individual consumers.   Id. at 670.   The district court determined that "the fact that a discrete class of individuals will receive restitution does not defeat the fact that the gravamen of the action is protection of the public welfare."   Id. at 670.

     The Ninth Circuit Court of Appeals affirmed the district court's determination.   Id. at 670-72.   The appellate court explained that the examination of the "essential nature and effect of the proceeding as it appears from the entire record" is necessary to determine the real party in interest.   Id. at 670 (citing Lucent, 642 F.3d at 740).   The Court rejected the attempt to examine each individual claim to determine the real party in interest.   Id.   The Court found that Nevada's complaint as a

whole demonstrated that the State had brought suit to protect the integrity of mortgage loan servicing in the State.  <u>Nevada v. Bank of America Corp.</u>, 672 F.3d at 670.  The appellate court held that the State of Nevada was a real party in interest because it had a specific, concrete interest in eliminating any deceptive practices that may have contributed to the State's mortgage crisis.  <u>Id.</u>

The <u>Nevada v. Bank of America Corp.</u> court found the relief sought by the State of Nevada supported the finding that it was a real party in interest.  <u>Id.</u> at 671-72.  Nevada sought civil penalties that were not available to individual consumers.  <u>Id.</u> at 672.  The Court explained that "Nevada's sovereign interest in protecting its citizens and economy from deceptive mortgage practices is not diminished merely because it has tacked on a claim for restitution."  <u>Id.</u> at 671.

Here, the "essential nature and effect of the proceeding as it appears from the entire record" demonstrates the State of Hawaii is a real party in interest.  <u>Lucent</u>, 642 F.3d at 740.  The suit was filed on behalf of the State's interests.  The State has a specific, concrete interest in protecting its citizens and economy from false, unfair and deceptive practices related to prescription drugs.  <u>Nevada v. Bank of America Corp.</u>, 672 F.3d at 671.

The forms of relief sought by the State of Hawaii support

22

the finding that it is the real party in interest.  Just as the plaintiff in Nevada v. Bank of America Corp., the State seeks civil penalties that are not available for individual consumers. Both HRS §§ 480-3.1 and 480-15.1 provide for fines "which sum shall be collected in a civil action brought by the attorney general or the director of the office of consumer protection on behalf of the State."

The Complaint's pleading for disgorgement does not alter the essential nature of the proceeding as a whole.  Disgorgement is not a claim for restitution.  Texas American Oil Corp. V. U.S. Dept. Of Energy, 44 F.3d 1557, 1570 (Fed. Cir. 1995); see United States v. Fu Sheng Kuo, 620 F.3d 1158, 1160 (9th Cir. 2010). Disgorgement to obtain ill-gotten gains is separate and apart from the interests of particular consumers in obtaining restitution for their payments.  West Virginia ex rel. McGraw v. CVS Pharmacy, Inc., 646 F.3d 169, 175-76 (4th Cir. 2011).  The United States Court of Appeals for the Fourth Circuit has found that a State's claim for disgorgement does not transform the proceeding into an action removable pursuant to CAFA.  Id.

The Complaint, read as a whole, demonstrates that the State of Hawaii is the real party in interest in this action.  The State of Hawaii is the only Plaintiff.  The State is not "a citizen of a State" for diversity purposes.  Moor, 411 U.S. at 717.  Minimal diversity between the Parties is not present as

required pursuant to CAFA.   28 U.S.C. § 1332(d)(2)(A).

Defendants have failed to establish Plaintiff's suit is removable to federal court pursuant to CAFA.  <u>Abrego</u>, 443 F.3d at 685; <u>Hood</u>, 134 S.Ct. at 744.


## II.   FEDERAL QUESTION JURISDICTION

A defendant may remove an action from State court to federal district court if the federal court has original subject matter jurisdiction over the case.   28 U.S.C. § 1441(a).

Removal is proper if a federal question is apparent on the face of the plaintiff's well-pleaded complaint.  <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).   The well-pleaded complaint rule makes the plaintiff the master of the claim, able to avoid federal jurisdiction by relying exclusively on state law.  <u>Id.</u>


### A.   There Is No Federal Jurisdiction Pursuant to Section 3732(b) of the False Claims Act

Defendants are subject to a *qui tam* action brought against them by the United States and a number of other state and local governments, including the State of Hawaii, in the United States District Court for the District of New Jersey, <u>In re Plavix Product Liability and Marketing Litigation</u>, MDL No. 2418, Civ. No. 13-cv-1039FLW-TJB.   The action alleges Defendants violated

24

the Federal False Claims Act, 31 U.S.C. §§ 3729-3733.

Defendants assert that 31 U.S.C. § 3732(b) of the Federal False Claims Act provides this Court with original subject matter jurisdiction over the State's Complaint.  Section 3732(b) provides:

> Claims Under State Law. The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the actions arises from the same transaction or occurrence as an action brought under section 3730.

District courts have consistently held that Section 3732(b) does not provide federal district courts with original jurisdiction.  _Hawaii v. Abbott Labs., Inc._, Civ. No. 06-0437 DAE-BMK, 469 F.Supp.2d 835, 840-42 (D. Haw. 2006), _aff'd_, _Hawaii v. Abbott Labs., Inc._, 469 F.Supp.2d 842, 849-51 (D. Haw. 2006); _Alaska v. Abbott Labs., Inc._, 2007 WL 7538021, *3 (D. Alaska Jan. 22, 2007); _In re Pharmaceutical Industry Average Wholesale Price Litigation_, 509 F.Supp.2d 82, 92 (D. Mass. 2007); _United States ex rel. New Mexico v. Deming Hosp. Corp._, 2013 WL 7046410 *24 (D. N.M. Nov. 21, 2013).

In _Hawaii v. Abbot Labs., Inc._, the district court determined that "a state-initiated case founded on state law may be removed to federal court under 31 U.S.C. § 3732(b) only when the case may attach to a federal case that 'arises from the same transaction or occurrence.'  In other words, the state case could not be removed on its own merit, independent of the federal

action, because removal of the state case 'depends' on the existence of and the attachment to a similar federal case." 469 F.Supp.2d at 849.

Section 3732(b) provides a State with the discretion to intervene in a Federal Claims Act action for recovery of state funds. <u>Id.</u> at 849-50. Section 3732(b) does not allow a defendant to force a State into a federal forum. <u>Id.</u> Congress did not intend for Section 3732(b) to "strip states of their ability to bring state law claims in state court." <u>In re Pharmaceutical Industry Average Wholesale Price Litigation</u>, 509 F.Supp.2d at 93.

Section 3732(b) provides for supplemental jurisdiction but it does not provide a basis to remove a state court action to federal court. <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 34 (2002). Here, the State chose to bring its action in state court and not to join the current action with the *qui tam* proceeding filed by the United States. Section 3732(b) does not permit Defendants to remove the State of Hawaii's state court action to federal court.

## B.   There Is No Federal Jurisdiction Based On a Significant Federal Interest

28 U.S.C. § 1331 provides federal courts with original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." Although

the statute is usually invoked for violations of federal law, it can provide federal jurisdiction over certain state law claims. Grable & Sons Metal Prod, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

Federal jurisdiction will lie over state law claims that implicate a significant federal interest, if federal jurisdiction would not disturb a congressionally approved balance of federal and state judicial responsibilities.  This type of jurisdiction has come to be known as "arising under" jurisdiction.  Grable, 545 U.S. at 312.

In Grable, the United States Supreme Court found there was necessary, disputed, and substantial questions of federal law involved in a plaintiff's state law claim alleging the Internal Revenue Service had seized his property without proper notice. 545 U.S. at 315.  The Supreme Court held there was federal question jurisdiction because an integral element of the plaintiff's state law claim was that the IRS had not satisfied the notice provisions required by a federal statute.  Id.  The meaning of the federal statute was actually in dispute.  Id.  The Supreme Court explained that the federal government had a strong and particular interest in ensuring a correct interpretation of its tax laws.  Id.  The Supreme Court held that federal jurisdiction over the plaintiff's state law claim would not significantly disturb the division of labor between state and

federal courts because other state title actions would rarely
raise similar federal issues.  Id.

The Ninth Circuit Court of Appeals has cautioned that
jurisdiction over federal issues embedded in state law claims
applies to a "special and small category of cases." Nevada v.
Bank of America Corp., 672 F.3d at 674 (citing Empire
Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 698
(2006)).  A state statute's "glancing reference to federal law"
is insufficient to confer federal jurisdiction over the state law
claim.  Nevada, 672 F.3d at 676.

Plaintiff's Complaint raises only state law claims.  The
Complaint claims "[t]he State brings this action exclusively
under the law of the State of Hawaii." (Complaint at ¶ 7, ECF
No. 1-1).  "No federal claims are being asserted, and to the
extent that any claim or factual assertion set forth herein may
be construed to have stated any claim under federal law, such
claim is expressly and undeniably disavowed by the State." (Id.)

Several federal district courts have previously found that
there was no federal jurisdiction for state law claims alleging
that Plavix was marketed in a false, unfair, or deceptive way.
Cnty of Santa Clara ex rel. Marquez v. Bristol Myers Squibb Co.,
2012 WL 4189126, *5-7 (N.D. Cal. Sept. 17, 2012); Caldwell v.
Bristol Myers Squibb Co., 2012 WL 3862454, *7-12 (W.D. La. June
12, 2012); Caldwell v. Bristol Myers Squibb Co., 2012 WL 3866493,

*3 (W. D. La. Sept. 4, 2012); <u>West Virginia ex rel. McGraw v.</u>
<u>Bristol Myers Squibb Co.</u>, 2014 WL 793569, *7-9 (D. N.J. Feb. 26,
2014).

### 1. Plaintiff's Complaint Does Not Involve Necessary and Substantial Questions of Federal Medicaid Law

Defendants attempt to distinguish the State of Hawaii's
Complaint by arguing that the Hawaii False Claims Act implicates
substantial and necessary federal issues relating to the federal
Medicaid regulations and the federal Food, Drug, and Cosmetics
Act.

Medicaid is a cooperative state-federal program in which the
federal government approves a state plan to fund medical services
for low-income residents and then reimburses a portion of the
state's expenses. <u>Korab v. Fink</u>, 748 F.3d 875, 879 (9th Cir.
2014). A state's participation in Medicaid is voluntary but
states must comply both with the statutory requirements of the
Medicaid Act and with regulations promulgated by the Secretary of
Health and Human Services in order to receive federal funds. <u>Id.</u>

The Complaint does not explicitly refer to Medicaid. The
Complaint states a number of allegations pursuant to the Hawaii
False Claims Act. The Hawaii False Claims Act is nearly
identical to the federal False Claims Act. The essential
elements of liability pursuant to the Hawaii False Claims Act
are: (1) a false statement or fraudulent course of conduct, (2)

made with scienter, (3) that was material, causing (4) the
government to pay money or forfeit moneys due.  United States ex
rel. Woodruff v. Hawaii Pacific Health, 560 F.Supp.2d 988, 997
(D. Haw. 2008).

The Complaint alleges that the Defendants violated the
Hawaii False Claims Act by knowingly causing false claims for
payment to be presented to the State.  (Complaint at ¶¶ 106-114,
ECF No. 1-1).  Plaintiff asserts that the Defendants caused false
claims to be made to the State through their alleged false and
misleading marketing of Plavix.  (Id.)  Plaintiff also claims the
Defendants' are liable because of their alleged failure to
disclose information about Plavix's safety and efficacy.  (Id.)

Federal district courts have found a State's suit seeking
recovery for fraudulent payments for prescription drugs does not
involve necessary and substantial federal issues.  Hood ex rel.
Mississippi v. AstraZeneca Pharms, LP, 744 F.Supp.2d 590, 600-02
(N.D. Miss. 2010) (listing a number actions brought by states
against pharmaceutical companies for recovery of Medicaid funds
paid by the states that have been remanded);  Pennsylvania v. Eli
Lilly & Co., Inc., 511 F.Supp.2d 576, 582 (E.D. Pa. 2007); Hawaii
v. Abbott Laboratories, Inc., 469 F.Supp.2d 842, 855-56 (D. Haw.
2006).

In Pennsylvania v. Eli Lilly & Co., Inc., 511 F.Supp.2d at
582, the district court found a state action for fraud against

30

pharmaceutical companies did not involve necessary federal
questions related to the Medicaid laws.  Id.  The district court
explained that the central questions in the state law causes of
action were factual and not legal.  Id.  The state law causes of
action involved whether the defendants' advertising and promotion
methods violated Pennsylvania tort law, not Medicaid regulations.
Id. at 581.  The district court explained that liability "does
not depend on the violation of any federal standard or statute."
Id.  The district court found that the State needed to
demonstrate that the defendants caused "the submission of a *false
or fraudulent* claim" pursuant to state law, not federal law.  Id.
at 582.

The district court judge in Pennsylvania v. Eli Lilly & Co.,
Inc. concluded that the issue of whether the State could have
refused to pay for the prescriptions under its Medicaid program
did not involve a substantial federal issue.  Id. at 584.  The
judge found that the "mere presence of a federal standard in a
state law cause of action is not sufficient to warrant federal
subject matter jurisdiction where there is no federal remedy for
a violation of a federal statute."  Id. at 584-85.  The district
court concluded that "the fact that a federally created program,
Medicaid, serves as the initial source of the funds the
Commonwealth seeks to recover, does not, without more, confer
federal jurisdiction."  Id. at 585.

The cause of action pursuant to the Hawaii False Claims Act requires that Plaintiff demonstrate the Defendants caused a false claim to be submitted pursuant to Hawaii state law, not pursuant to any federal laws or regulations.

The Northern District of California considered the involvement of Medicaid regulations as part of a State's complaint in <u>Cnty of Sanata Clara v. Bristol Myers Squibb Co.</u>, 2012 WL 4189126, at *6-7.  The district court rejected Defendants' assertion that Medicaid laws were necessary for interpretation of the State's pleadings for violations of California's False Advertising Law.  <u>Id.</u>  The district court explained that Medicaid laws were not necessary to interpret the state law cause of action.  <u>Id.</u>  The district court considered the Defendants' argument that the State was required to demonstrate that it could have refused reimbursement for Plavix pursuant to Medicaid laws.  The district court rejected the argument, explaining that the Defendants attempted to look beyond the scope of the well-pleaded Complaint.  <u>Id.</u> at *6.

Just as in <u>Eli Lilly</u> and <u>Cnty of Santa Clara v. Bristol Myers Squibb Co.</u>, Defendants have not established that the state law cause of action requires the interpretation of a necessary federal law.  The Complaint's allegations that Defendants' conduct was false will be interpreted based on Hawaii state law. Defendants' attempts to involve Medicaid laws go beyond the scope

of the well-pleaded Complaint.  Cnty of Sanata Clara v. Bristol
Myers Squibb Co., 2012 WL 4189126, at *6-7; Caldwell v. Bristol
Myers Squibb Co., 2012 WL 3862454, at *9-11.  The Complaint does
not demonstrate that federal Medicaid laws must be interpreted in
order to determine whether the Defendants' actions violated the
relevant Hawaii state statutes.

Defendants' attempt to rely on the Vioxx case is also not
persuasive.  The Vioxx litigation involved a defective drug, not
a drug that was claimed to have been marketed falsely and
unfairly.  As explained by the district court in Cnty of Santa
Clara v. Bristol Myers Squibb Co., the attorney general in the
Vioxx case pled a cause of action unique to Louisiana called
"redhibition" that is not at issue in this case.  2012 WL 4189126
at *6-7.  The attorney general in Vioxx sought to satisfy an
element of the redhibition cause of action by proving that he
would not have bought a prescription drug had he known of its
defect.  In re Vioxx Prods. Liability Litigation, MDL No. 1657,
2010 WL 2649513, *21 (E.D. La. June 29, 2010).  The district
court determined that necessary issues of federal Medicaid law
were involved because the attorney general was required to show
that he could have caused the state Medicaid program to stop
reimbursing prescriptions for it.  Id.

Here, unlike the Vioxx case, there is no cause of action for
redhibition.  The causes of action pled in the Complaint do not

require interpretation of Medicaid regulations.  Pennsylvania v. Eli Lilly & Co., Inc., 511 F.Supp2d. at 582.

The Defendants' reliance on the decision involving the prescription drug Zyprexa in West Virginia v. Eli Lilly & Co., Inc., 476 F.Supp.2d 230, 233-34 (E.D. N.Y. Mar. 6, 2007) is also unpersuasive.  The district court judge found that the pleadings in the Zyprexa case made specific references to federal law and sought relief for a violation of the "Fraud and Abuse in the Medicaid Program Act."  Id. at 231.  In an earlier Zyprexa case, the district court explained federal question jurisdiction would depend on the "specific allegations and subtle distinctions in pleadings among pharmaceutical cases."  In re: Zyprexa Prods. Liability Litigation, 375 F.Supp.2d 170, 172 (E.D. N.Y. 2005).

The Complaint here does not contain pleadings that refer to federal law or the federal Medicaid program.  Unlike the allegations pled in the Zyprexa cases, the state law causes of action pled here do no require a detailed interpretation of the federal Medicaid regulatory scheme.

Plaintiff's state law claims do not necessarily involve the interpretation of a disputed, substantial federal question of Medicaid law.

> **2.    Plaintiff's Complaint Does Not Involve Necessary and Substantial Questions of the Federal Food, Drug, and Cosmetics Act**

A substantial federal issue is "a serious federal interest in claiming the advantages thought to be inherent in a federal forum," and one that justifies resorting "to the experience, solicitude, and hope of uniformity that a federal forum offers." Grable, 545 U.S. at 312-13.

The mere presence of a federal issue in a state suit does not necessarily give rise to federal question jurisdiction. Empire Healthchoice Assurance, Inc., 547 U.S. at 700; Nevada v. Bank of America Corp., 672 F.3d at 675-76.

The United States Supreme Court has found that the application of the federal Food, Drug, and Cosmetic Act ("FDCA") is not a federal interest that requires the experience, solicitude, or uniformity provided by federal courts. Wyeth v. Levine, 555 U.S. 555, 574-75 (2009). The Supreme Court has found that even a novel issue in the FDCA raised as part of a state cause of action would not typically justify the exercise of federal jurisdiction. Merrell Dow Pharmeceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986).

The United States Supreme Court has provided two main reasons in support of its findings that the FDCA does not typically involve substantial issues of federal law. First, the Supreme Court has emphasized that Congress did not create a federal remedy for violations of the FDCA. Merrell Dow, 478 U.S. at 814. Second, the Supreme Court has held that Congress

35

selectively declined to pre-empt state causes of action based on FDCA standards.  Wyeth, 555 U.S. at 574-75.  The Supreme Court has concluded "that the presence of a claimed violation of the [FDCA] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."  Merrell Dow, 478 U.S. at 814.

In Merrell, the plaintiffs alleged that the defendant had misbranded its drug in violation of the FDCA and that this violation created a rebuttable presumption of negligence in a state tort action.  478 U.S. at 805-06.  The United States Supreme Court held that reliance on the FDCA standard to prove an element of a state cause of action did not confer federal jurisdiction.  Id. at 817.  Congress's determination that there was no need for a private, federal remedy for FDCA violations indicated that FDCA issues embedded within state claims are insufficiently "substantial" to necessitate federal jurisdiction. Id. at 814.

Districts courts have consistently relied on the United States Supreme Court decisions in Wyeth and Merrell Dow to find that state law causes of action for unfair trade practices related to pharmaceutical drugs do not raise substantial questions of FDCA regulations.  Oregon ex rel. Kroger v. Johnson & Johnson, 832 F.Supp.2d 1250, 1256-60 (D. Or. 2011); Caldwell v. Bristol Myers Squibb Co., 2012 WL 3862454, at *11-12;

36

<u>Pennsylvania v. Eli Lilly & Co., Inc.</u>, 511 F.Supp.2d at 584-87.

Defendants' argument related to the FDCA was recently rejected by the district court overseeing the Multi-District Litigation in <u>In Re Plavix Prods. Liability Litigation</u> in <u>West Virginia ex rel. McGraw v. Bristol Myers Squibb Co.</u>, 2014 WL 793569, *7-10 (D. N.J. Feb. 26, 2014).  The district court found that the fact that Plaintiff's claims may implicate the FDCA does not support federal question jurisdiction.  <u>Id.</u>  The district court stated that "this case represents the very type of action the Supreme Court in <u>Merrell Dow</u> has cautioned against finding federal question jurisdiction."  <u>Id.</u>

The district court also held that the Defendants failed to show that "this case would not disrupt the balance struck by Congress between state and federal judicial responsibilities." <u>Id.</u>  The district court held that finding federal question jurisdiction in this type of action would "open the federal courthouse door to a tremendous number of cases, and could therefore upset the congressionally intended division between state and federal courts."  <u>Id.</u>

Defendants' position here is not distinguishable from the decisions remanding proceedings in similar actions.  <u>Cnty of Santa Clara</u>, 2012 WL 4189126, at *6-7; <u>Oregon ex rel. Kroger</u>, 832 F.Supp.2d at 1256-60; <u>Caldwell</u>, 2012 WL 3862454, at *11-12; <u>Pennsylvania</u>, 511 F.Supp.2d at 584-87; <u>West Virginia ex rel.</u>

37

McGraw, 2014 WL 793569 at *10.

Plaintiff's Complaint does not involve "substantial" federal questions related to the FDCA.  A claimed violation of the FDCA as a element of a state law cause of action is insufficient to confer federal question jurisdiction.  Merrell Dow, 478 U.S. at 814; Oregon, 832 F.Supp.2d at 1257.  Finding federal question jurisdiction in this instance may upset issues related to the congressionally intended division between state and federal courts.  The FDCA does not provide for a federal cause of action and it does not pre-empt state causes of action.  Merrell Dow, 478 U.S. at 814; Wyeth, 555 U.S. at 574-75.

Defendants have failed to establish that necessary, disputed, substantial federal questions require federal jurisdiction over Plaintiff's Complaint.


## CONCLUSION


Plaintiff's MOTION FOR REMAND (ECF No. 23) is **GRANTED**.

Defendants have filed a MOTION TO STAY (ECF No. 39) requesting that the Court stay the REMAND to the Circuit Court of the First Circuit, State of Hawaii.  Defendants seek the stay to allow review of the decision to REMAND by appeal to the Ninth Circuit Court of Appeals.

Plaintiff has until July 21, 2014, to respond to Defendants'

38

Motion to Stay (ECF No. 39).

Defendants have until July 28, 2014, to file a Reply.

Pursuant to Local Rule 7.2(e), the Court will decide Defendants' Motion to Stay (ECF No. 39) without a hearing.


IT IS SO ORDERED.

Dated: July 15, 2014, Honolulu, Hawaii.





     /s/ Helen Gillmor

Helen Gillmor
United States District Judge



State of Hawaii, ex rel. David M. Louie, Attorney General, v. Bristol-Myers Squibb Company; Sanofi-Aventis U.S. LLC; Sanofi US Services Inc., formerly known as Sanofi-Aventis U.S. Inc.; Sanofi-Synthelabo Inc.; Doe Defendants 1-100; Civ. No. 14-00180 HG-RLP; **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND (ECF No. 23).**                39