IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, ex rel. DAVID M. LOUIE, ATTORNEY GENERAL,<br><br>    Plaintiff,<br><br>    vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY; SANOFI-AVENTIS U.S. LLC; SANOFI US SERVICES INC., FORMERLY KNOWN AS SANOFI-AVENTIS U.S. INC.; SANOFI-SYNTHELABO INC.; DOE DEFENDANTS 1-100,<br><br>    Defendants. | Civ. No. 14-00180 HG-RLP |

**ORDER DENYING DEFENDANTS' MOTION TO STAY (ECF NO. 39)**

The district court granted Plaintiff State of Hawaii, ex rel. David M. Louie, Attorney General's Motion to remand proceedings to Hawaii State Court. Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. filed a Motion to Stay. Defendants move to have the district court stay the remand to Hawaii State Court until the Ninth Circuit Court of Appeals reviews the decision granting Plaintiff's Motion for Remand on appeal.

Defendants are not likely to succeed on the merits of the appeal. There is no indication the Defendants will suffer irreparable harm if proceedings are remanded to state court

1

before the Ninth Circuit Court of Appeals renders a decision on appeal.

DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY, SANOFI-AVENTIS U.S. LLC, SANOFI US SERVICES INC., AND SANOFI-SYNTHELABO INC.'S MOTION FOR STAY OF [DOC. #38] MINUTE ORDER, FILED JULY 8, 2014 is **DENIED**.

## PROCEDURAL HISTORY

On March 19, 2014, Plaintiff State of Hawaii, by its Attorney General David M. Louie, filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Ex. A. to Defendants' Notice of Removal, ECF. No. 1-1).

On April 16, 2014, Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc. removed the action to the United States District Court, District of Hawaii. (ECF No. 1).

On May 5, 2014, Plaintiff filed PLAINTIFF'S MOTION FOR REMAND. (ECF No. 23).

On June 16, 2014, a Hearing on PLAINTIFF'S MOTION FOR REMAND (ECF No. 23) was held. (ECF No. 34).

On July 8, 2014, the Court issued a Minute Order granting Plaintiff's Motion for Remand and indicating a written order would be filed at a later date. (ECF No. 38).

On July 9, 2014, Defendants filed a MOTION FOR STAY OF MINUTE ORDER, FILED JULY 8, 2014. (ECF No. 39).

On July 15, 2014, the Court issued a written ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND. (ECF No. 40).

On July 18, 2014, Defendants filed with the United States Court of Appeals for the Ninth Circuit a Petition for Permission to Appeal. (ECF No. 43).

On July 21, 2014, Plaintiff filed PLAINTIFF STATE OF HAWAII'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY REMAND TO STATE COURT PENDING APPEAL. (ECF No. 41).

On July 22, 2014, Plaintiff filed an Amendment to its Opposition. (ECF No. 42).

On July 28, 2014, Defendants filed their REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR STAY. (ECF No. 44).

On August 1, 2014, Plaintiff filed a Second Amendment to its Opposition. (ECF No. 45).

Pursuant to Local Rule 7.2(e), the Court elected to decide Defendants' Motion to Stay (ECF No. 39) without a hearing.

**BACKGROUND**

The parties and the Court are familiar with the background of this case. For a recounting of the relevant history, see July 15, 2014 Order Granting Plaintiff's Motion For Remand, Background at pp. 5-7, ECF No. 40.

**ANALYSIS**

A stay of a judgment pending appeal is an exercise of judicial discretion that is dependent upon the circumstances of the particular case. Nken v. Holder, 556 U.S. 418, 433-34 (2009). The court considers four factors in determining whether to grant a stay pending appeal:

(1) whether the party seeking the stay is likely to succeed on appeal;

(2) whether the party seeking the stay will suffer irreparable harm if the matter is not stayed;

(3) whether the issuance of the stay will substantially injure the other interested parties; and,

(4) where the public interest lies.

Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011) (citing Nken, 556 U.S. at 434; Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two stay factors are the most critical. Id.

**1. Likelihood of Success on the Merits**

The first consideration focuses on whether the party seeking the stay for the purposes of appeal is likely to succeed on the merits of the appeal. Leiva-Perez, 640 F.3d at 966-67. The party seeking the stay must make a "strong showing" that he is likely to succeed on the merits. Id. This means that the moving

4

party must show that it is "more likely than not that they will win on the merits." Id.

28 U.S.C. § 1447(d) provides that an order remanding a case to state court is generally not reviewable on appeal. The Class Action Fairness Act ("CAFA") allows for an exception to the rule. 28 U.S.C. § 1453(c) authorizes federal courts of appeals to exercise their discretion to accept an appeal from a remand order pursuant to CAFA notwithstanding section 1447(d). 28 U.S.C. § 1453(c)(1).

Defendants seek to stay the remand of proceedings to Hawaii State Court until the Ninth Circuit Court of Appeals can render a decision on appeal pursuant to CAFA.

Section 1453(c)(2) provides that "[i]f the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3)." 28 U.S.C. § 1453(a)(2).

The Ninth Circuit Court of Appeals has held that an appeal pursuant to CAFA requires the party seeking appeal to file a petition for permission to appeal pursuant to Federal Rule of Appellate Procedure 5. Amalgamated Transit Union v. Laidlaw Transit Services, Inc., 435 F.3d 1140, 1145 (9th Cir. 2006). The 60 day period begins to run after the entry of the order granting

permission to appeal is filed.  Lewis v. Verizon Comms., Inc., 627 F.3d 395, 396 (9th Cir. 2010).

On July 18, 2014, the Defendants filed a petition for permission to appeal pursuant to CAFA.  (ECF No. 43).  The Ninth Circuit Court of Appeals has not yet ruled on Defendants' petition for permission to appeal.

Defendants have not demonstrated that they are likely to succeed on the merits of their petition.  There is no support for Defendants' position that any *parens patriae* action brought by the Attorney General of Hawaii is a class action removable pursuant to CAFA.  On August 1, 2014, the Ninth Circuit Court of Appeals foreclosed Defendants' argument in State of Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., --- F.3d ----, 2014 WL 3765697, at *8-11 (9th Cir. Aug. 1, 2014).  The appellate court found that *parens patriae* actions filed by the Attorney General of Hawaii that unambiguously disclaimed class action status were not class actions "filed under" Rule 23 or a state law equivalent.  Id. at *9.  The appellate court concluded that "[f]ailure to request class status or its equivalent is fatal to CAFA jurisdiction." Id.  The Ninth Circuit Court of Appeals held that the *parens patriae* actions filed by the Attorney General were not removable pursuant to CAFA.  Id. at *11.

Just as in Hawaii v. HSBC Bank Nevada, N.A., the Attorney General of Hawaii disclaimed class action status in the Complaint

6

here. There is no indication that the Ninth Circuit Court of Appeals will likely find federal jurisdiction in this case in light of the clear precedent.

The United States Supreme Court and the Ninth Circuit Court of Appeals have consistently held that *parens patriae* cases brought by States' attorneys general are not removable pursuant to CAFA. State of Mississippi ex rel. Hood v. AU Optronics Corp., 134 S.Ct. 736, 739 (2014); Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Washington v. Chimei Innolux Corp., 659 F.3d 842, 849 (9th Cir. 2011).

The District Judge overseeing the Multi District Litigation, In re Plavix Product Liability and Marketing Litigation, MDL No. 2418, has found that *parens patriae* cases filed by attorneys general against the Defendants for their promotion and marketing of Plavix are not removable pursuant to CAFA. West Virginia ex rel. McGraw v. Bristol Myers Squibb Co., 2014 WL 793569, *7-9 (D. N.J. Feb. 26, 2014); (ECF No. 42, Pla.'s Ex. D, State of Mississippi ex rel. Hood v. Bristol Myers Squibb Co., et al., Civ. No. 13-5910, ECF No. 100, MDL No. 2418 (D. N.J. Jul. 22, 2014)).

Defendants have not cited any case upholding the removal of a *parens patriae* action filed by an attorney general pursuant to CAFA. The Defendants have not put forward any compelling legal argument or reason why the Ninth Circuit Court of Appeals would

likely reverse the Remand Order.

The first stay factor strongly weighs against staying the remand to the Hawaii State Court pending appeal.

**2.   Irreparable Harm**

Defendants must demonstrate that irreparable harm is probable if a stay is not granted.  <u>Nken</u>, 556 U.S. at 430. Defendants claim they will face "significant" harm if they are forced to litigate proceedings in state court while the appeal is reviewed by the federal appellate court.

Here, there is no indication that irreparable harm is probable.  The Ninth Circuit Court of Appeals' review of Defendants' appeal is expedited based on the procedures outlined in CAFA.  <u>See</u> 28 U.S.C. § 1453(c)(2).  The expedited procedures ensure that Defendants will not be subject to a protracted review on appeal.  The expedited procedures minimize any potential harm Defendants may face by litigating in state court.  <u>Manier v. Medtech Prods., Inc.</u>, --- F.Supp.2d ----, 2014 WL 2919304 *3, *4 (S.D. Cal. June 26, 2014).

It is not probable that litigating in state court will create irreparable harm to Defendants.  Any discovery obtained in state court would be relevant and applicable to the merits of the case, even in the unlikely event that proceeding were removed back to federal court.  <u>Id.</u>; <u>Maui Land & Pineapple Co. v.</u>

8

Occidental Chemical Corp., Civ. No. 97-01607ACK, 24 F.Supp.2d 1083, 1087 (D. Haw. Oct. 19, 1998) (finding potential discovery obtained in state court while a federal appeal is pending does not waste the parties' resources and does not constitute irreparable harm).

The irreparable harm factor weighs in favor of denying the Defendants' request for a stay of the Remand Order.

### 3. Injury to Other Parties

The Court evaluates the third stay factor by analyzing whether a stay will substantially injury the other parties interested in the proceeding. Lair v. Bullock, 697 F.3d 1200, 1215 (9th Cir. 2012).

This factor tips in favor of Plaintiff. If the Court grants Defendants' request for a stay, Plaintiff would be prevented from moving forward with discovery. Maui Land & Pineapple Co., 24 F.Supp.2d at 1088 (denying the defendant's request for a stay, in part, because a stay would harm the plaintiff's ongoing discovery efforts). Proceedings have already been delayed by more than four months since Plaintiff filed the Complaint in March 2014. Plaintiff has been subject to Defendants' attempt to remove proceedings to federal court and are now subject to the appeal before the Ninth Circuit Court of Appeals. Plaintiff has also been subject to Defendants' attempt to transfer the proceeding to

9

Multi District Litigation, MDL No. 2418, which remains pending. Defendants have not demonstrated that the balance of harm tips in their favor.

The third stay factor favors denying Defendants' request for a stay.

### 4. Public Interest

The Court must weigh the public interest at stake against any harm to the opposing party. Lair, 697 F.3d at 1215.

Here, the public interest favors denying Defendants' motion to stay. Public interest does not support continued interference with state court proceedings. Maui Land & Pineapple Co., 24 F.Supp.2d at 1087.

All four factors weigh in favor of denying the Defendants' request for a stay pending appeal. There is little likelihood of the Defendants successfully appealing the Remand Order. There is no indication the Defendants will suffer irreparable harm while the expedited appeal is pending. The harm to the parties and public interest factors do not support granting the Defendants' request for a stay.

## CONCLUSION

Defendants' MOTION FOR STAY OF MINUTE ORDER, FILED JULY 8, 2014 (ECF No. 39) is **DENIED**.

The case and all files herein are **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

IT IS SO ORDERED.

DATED: August 5, 2014, Honolulu, Hawaii.



          /s/ Helen Gillmor

Helen Gillmor
United States District Judge

State of Hawaii, ex rel. David M. Louie, Attorney General, v. Bristol-Myers Squibb Company; Sanofi-Aventis U.S. LLC; Sanofi US Services Inc., formerly known as Sanofi-Aventis U.S. Inc.; Sanofi-Synthelabo Inc.; Doe Defendants 1-100; Civ. No. 14-00180 HG-RLP; **ORDER DENYING DEFENDANTS' MOTION TO STAY (ECF NO. 39).**